# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### AT BOWLING GREEN

**STEPHEN LEE SOULES**                                          **PETITIONER**

**v.**                                          **CIVIL ACTION NO. 1:09CV-P137-R**

**J. DAVID DONAHUE, WARDEN**                                          **RESPONDENT**

## <u>MEMORANDUM OPINION</u>

The petitioner, Stephen Lee Soules, filed this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. His petition is currently before this Court for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Also before the Court is Soules's motion asking the Court to accept his belated response to the Court's Show Cause Order. Soules' motion (DN 5) is **GRANTED**. The Court has reviewed and considered the response (contained in the body Soules's motion). Nevertheless, for the reasons set forth below, the Court has concluded that the petition is time-barred and that equitable tolling is not available under the circumstances of this case.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 12, 2005, following a plea of guilty, Soules was sentenced to life imprisonment without the possibility of parole by the Warren Circuit Court for the 2003 rape and murder of Melissa Katie Autry. Soules did not file a direct appeal.

On April 25, 2008, Soules filed a motion to vacate his sentence pursuant to Kentucky RCr 11.42 and CR 60.02(f). The Warren Circuit Court denied Soules's motion on June 19, 2008. On March 20, 2009, the Kentucky Court of Appeals affirmed the Warren Circuit Court's decision. Soules then initiated the instant action in this Court on October 9, 2009.

## II. ANALYSIS

Because Soules's petition was filed after April 24, 1996, the effective date of the

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the

AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets

forth a statute of limitations for state prisoners seeking release from custody. The statute

provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application
> for a writ of habeas corpus by a person in custody pursuant to the
> judgment of a State court. The limitation period shall run from the
> latest of --
>
> (A) the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time for
> seeking such review;
>
> (B) the date on which the impediment to filing an application
> created by State action in violation of the Constitution or laws of
> the United States is removed, if the applicant was prevented from
> filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly
> recognized by the Supreme Court and made retroactively
> applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of due
> diligence.
>
> (2) The time during which a properly filed application for State
> post-conviction or other collateral review with respect to the
> pertinent judgment or claim is pending shall not be counted toward
> any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

In the present case, it is undisputed that Soules did not file a direct appeal of his

conviction. Therefore, the one-year limitations period began to run at "the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In this case, Soules's conviction became final in June 2005. *See* Kentucky Rule of Criminal Procedure 12.04. Thus, Soules had until June 2006 to file his petition for habeas corpus relief in this Court unless there was a time-tolling collateral attack <u>pending</u> in state court. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001) (holding that the one-year statute of limitations may be tolled "for that amount of time in which 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending'") (quoting 28 U.S.C. § 2244(d)(2)). Soules neither filed his petition by June 2006 nor had any time-tolling collateral action pending during that time period.

Soules filed a collateral attack challenging his conviction in state court in April 2008. The fact that this motion may have been timely under state law, however, does not work to save the instant petition from being time-barred. Filing a post-conviction motion does not restart the one-year statute of limitations. *Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003). As the Sixth Circuit opined, "[t]he tolling provision does not, however, 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Id.* at 602 (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y 1998)) (internal quotation marks omitted); *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001) ("[A]lthough the filing of the motion for a delayed appeal may have tolled the running of the one-year statute, it did not cause the statute to begin running anew when the state court denied the motion."). To hold otherwise would be to eviscerate the AEDPA's purpose of ensuring

finality of state court judgments. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005) (observing that the AEDPA's time bar "quite plainly serves the well-recognized interest in the finality of state court judgments"; it "reduces the potential for delay on the road to finality[.]" (quoting *Duncan v. Walker*, 533 U.S. 167, 179 (2001)).

From a review of Soules's petition, it appears that he did not file any time-tolling collateral attack of his state court conviction until April 25, 2008, well over a year after the applicable limitations period had expired. By the time Soules finally sought post-conviction relief from the Warren Circuit Court in April of 2008, there was nothing left of the federal habeas one-year statute of limitations to toll. Therefore, his 28 U.S.C. § 2254 petition seeking a writ of habeas corpus from this Court appears time barred and subject to summary dismissal.

"Because [the] one-year statute of limitations is not jurisdictional, a petitioner who misses the deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate." *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2001). To be entitled to equitable tolling, a petitioner "must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 335 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The party seeking equitable tolling bears the burden of establishing his entitlement. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). This is a high hurdle to clear, as "federal courts sparingly bestow equitable tolling." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000).

Soules argues that equitable tolling should be applied in his case because he had a difficult time acquiring a copy of the trial court record, and therefore, was not able to file his

state court post-conviction motion until 2007. Soules attached two 2005 requests he made for the state court record. However, Soules does not explain what additional efforts he undertook to obtain copies of his records or how he eventually obtained them. "Difficulty obtaining records and lack of money to pay for copies are common problems among inmates who are trying to pursue post-conviction habeas relief and, thus, do not present exceptional circumstances that warrant equitable tolling." *Kiser v. Dretke*, 2004 U.S. Dist. LEXIS 20652, No. 4:04-CV-0494, 2004 WL 2331592, at *2 (N.D. Tex. Oct. 15, 2004), report and recommendation adopted by *Kiser v. Dretke*, 2004 U.S. Dist. LEXIS 23217, No. CIV. A. 404CV494Y, 2004 WL 2549174 (N.D. Tex. Nov. 9, 2004). Moreover, Soules's claims that his counsel did not properly investigate his alibi witnesses and coerced him into entering a guilty plea could have been asserted without copies of the record. In sum, the Court finds that Soules did not meet his burden of demonstrating his entitlement to equitable tolling. As such, the Court concludes that the instant petition is time barred.

### III. CERTIFICATE OF APPEALABILITY

In the event Soules wishes to appeal any aspect of this Court's decision, he is required to obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See* Rule 11 of the Rules Governing Section 2254 Cases.

When a district court dismisses a petition on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its

procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further.  *Id.*  In such a case, no appeal is warranted.  *Id.*  This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable.  Thus, Soules is not entitled to a COA.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:      Petitioner, *pro se*
        4413.008

6